IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS, DAMIAN BLACK FOX**, | : | CIVIL ACTION NO. 1:11-CV-1095 |
| | : | |
| Petitioners | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **FCI FORT DIX FOOD SERVICES DEPARTMENT**, et al., | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 13th day of June, 2011, upon consideration of the petition for writ of mandamus (Doc. 1) filed by petitioners Frederick Banks ("Banks") and Damian Black Fox ("Fox"), and it appearing that the action should have been brought before the United States District Court for the District of New Jersey, see 28 U.S.C. § 1404 (a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case), because the petition concerns events that occurred during petitioners' incarceration at the Federal Correctional Institution at Fort Dix, New Jersey, (Doc. 1), which is located within the United States District Court for the District of New Jersey, see Jumara, 55 F.3d at 879 (stating that where claim arose is a factor), that none of the events of which he complains occurred in this district, that the District of New Jersey likely has a strong interest in deciding this

controversy, see id. (stating that local interest in deciding case is a factor), that a number of the named respondents, work at Fort Dix, New Jersey, and presumably reside within the District of New Jersey, see Jumara, 55 F.3d at 879 (stating that location of defendants is a factor), and that discovery may involve witnesses and documents located within that district, see id. (stating that location of witnesses and discoverable evidence is a factor), and the Court finding that practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of a transfer, see id. (stating that public and practical considerations are factors); see also Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weighed heavily), and it would be in the interests of justice and judicial economy to transfer this case because none of the alleged events occurred within this district and none of the parties reside within this district, it is hereby ORDERED that;

1. The Clerk of Court is directed to transfer the above-captioned case to the United States District Court for the District of New Jersey. See 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

2. Disposition of the motions to proceed in forma pauperis (Docs. 2, 3) is left to the discretion of the transferee court.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge