**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                              :
FREDERICK BANKS, et al.,      :
                              :
          Plaintiffs,         :     Civil No. 11-3446 (NLH)
                              :
     v.                       :
                              :
                              :     ORDER
FCI Fort Dix Food Services    :
Department West Compound,     :
et al.,                       :     CLOSED
                              :
          Defendants.         :
_____:
```

Petitioner Frederick Banks, currently confined at the FCI FORT DIX, New Jersey, and Petitioner Damian Black Fox, an unincarcerated individual, seek to bring this Petition for writ of mandamus under 28 U.S.C. § 1361. Petitioners have not prepaid the $350 filing fee and the applications for leave to proceed in forma pauperis are insufficient.

A.   Petitioner Frederick Banks

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

1

This action is a civil action governed by the PLRA.  See, e.g., Murray v. Grondolsky, Civil No. 09-3172, 2009 WL 2030911 (D.N.J. July 6, 2009); Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL 1021705 (6th Cir. 1999) (mandamus action under 28 U.S.C. § 1361 is a "civil action" for purposes of PLRA); Martin v. U.S., 96 F.3d 853 (7th Cir. 1996) (same); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to § 1361 mandamus actions that seek relief analogous to civil rights complaints); Evans v. McConnell, 2009 WL 1560192 (W.D. Pa. June 3, 2009); Keys v. Dept. of Justice, 2009 WL 648926 at *1, *3 (M.D. Pa. Mar. 10, 2009).  Cf. Madden v. Myers, 102 F.3d 74, 76-77 n.2 (3d Cir. 1996) (declining to decide whether PLRA applies to § 1361 actions in the nature of mandamus) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of action for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain

this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Petitioner may not have known when he submitted his Petition that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment

3

payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this action, Petitioner failed either to prepay the $350 filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  While Banks did file a handwritten "Motion to Proceed In Forma Pauperis," his motion does not satisfy the affidavit requirements of 28 U.S.C. § 1915(a)(1), and he failed to include a six-month institutional account statement certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2).

B.   Petitioner Damian Black Fox

In his Motion to Proceed In Forma Pauperis, Damian Black Fox states that he is not an inmate, has never worked and is currently unemployed, is a college student, and has no money, bank account or assets.  The information provided does not satisfy 28 U.S.C. § 1915(a)(1) which requires that a person who wishes to proceed without prepayment of fees or security must submit an affidavit stating that person's assets.  The affidavit must also state "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

Petitioner's motion did not include any such affidavit and as such his request to proceed in forma pauperis is insufficient.

THEREFORE, it is on this   27th   day of  June   , 2011;

ORDERED that the request to proceed In Forma Pauperis is denied; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the Petition or assessing a filing fee and close the file in this matter; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner Frederick Banks a blank form Application to Proceed In Forma Pauperis to be used by a prisoner; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner Damian Black Fox a blank form Application to Proceed In Forma Pauperis to be used by a non-prisoner; and it is further

ORDERED that if Petitioners wish to reopen this action, they shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a completed in forma pauperis applications for both Petitioners, including an affidavits of indigence and, for Banks, six-month prison account statement, for the six-month period immediately preceding the filing of the Petition, certified by the appropriate official of each prison at which the

prisoner is or was confined, or (2) the $350 filing fee; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioners by regular U.S. mail.


At Camden, New Jersey          /s/ Noel L. Hillman
                               NOEL L. HILLMAN
                               United States District Judge